Filed 4/14/25  In re E.C. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re E.C., et al.<br><br>Persons Coming Under the Juvenile Court Law.<br>_____<br><br>ALAMEDA COUNTY SOCIAL SERVICES AGENCY,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>V.V.,<br><br>　　　Defendant and Appellant. | A171473<br><br>(Alameda County Super. Ct. Nos. JD-036064-01 and JD-036065-01) |

**MEMORANDUM OPINION**[1]

Defendant V.V. (mother) appeals from the juvenile court's order terminating her parental rights as to five-year old E.C. and two-year old M.V. following a Welfare and Institutions Code section 366.26 hearing.[2]  Mother's

_____

[1] We resolve this case by memorandum opinion because it raises no substantial issue of fact or law.  (Cal. Stds. Jud. Admin., § 8.1.)

[2] All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

1

appointed counsel on appeal filed a brief pursuant to *In re Sade C.* (1996) 13 Cal.4th 952 and *In re Phoenix H.* (2009) 47 Cal.4th 835, stating that she found no arguable issues.[3]  Mother did not file a supplemental brief, and our own independent review of the record has revealed no arguable issues.  We therefore dismiss the appeal.

A.  Detention/Jurisdiction/Disposition Proceedings

On March 21, 2023, the Agency filed a juvenile dependency petition under section 300 on behalf of then three-year old E.C. and her two-month old half-brother, M.V.  E.C. and M.V. have the same mother but different fathers.  The petition alleged that E.C. and M.V. were at substantial risk of physical harm or injury due to mother's past and possibly ongoing substance use.  The whereabouts of M.V.'s father and E.C.'s father were unknown.

In its detention report, the Agency noted that mother "reported that her family has Native American ancestry" but that the tribe was unknown. The report stated that notice would be sent to the Bureau of Indian Affairs (BIA).[4]  It was unknown whether the fathers had Native American ancestry or tribal affiliation in their families.  At the detention hearing, mother stated that she had Native American ancestry on her maternal side but did not know the tribe.  The juvenile court ordered the Agency to follow up on mother's claim of Native American ancestry pursuant to ICWA and to

---

[3] Mother's counsel originally filed an opening brief, arguing that plaintiff and respondent Alameda County Social Services Agency (Agency) failed to comply with the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) and related state law (§ 224 et seq.) by failing to make an adequate inquiry as to whether M.V. was an Indian child.  After a more thorough review of the record, counsel filed a motion to strike her opening brief and for leave to file a no issues statement, which we granted.

[4] The BIA subsequently informed the Agency that E.C. and M.V. were not eligible for tribal membership.

conduct a formal search for the alleged fathers. The court issued detention orders removing E.C. and M.V. from their parents.

In its jurisdiction/disposition report, the Agency noted that E.C.'s father denied any Native American ancestry or tribal affiliations in his family. It was still unknown whether M.V.'s father had any Native American ancestry. The report also stated that notice had been sent to the BIA with respect to "the maternal family." In its May 2, 2023 addendum report, the Agency stated that the maternal aunt denied Native American Ancestry and that mother reported Native American ancestry on her paternal side but did not provide any contact information for her paternal family members.

Both mother and M.V.'s father appeared at the September 12, 2023 contested jurisdiction/disposition hearing. The juvenile court found the allegations in the amended petition to be true and declared E.C. and M.V. dependents based on clear and convincing evidence establishing the need for removal. Mother was offered reunification services. The court denied reunification services as to both fathers.

B. Six-Month Status Review

The Agency recommended termination of mother's reunification services in its six-month review report. The report stated that mother had not communicated with the Agency for several months and that she was currently incarcerated in a federal detention center. The report did not include any new ICWA information. At the February 29, 2024 status review hearing, the juvenile court terminated reunification services for mother and set a section 366.26 hearing for June 20, 2024.

C. ICWA Inquiry and Section 366.26 Hearing

The Agency summarized its further ICWA inquiry in its section 366.26 due diligence report. M.V.'s father reported possible Cherokee ancestry and

provided lineage information. The Agency briefly spoke to the paternal grandfather (the father of M.V.'s father), who verified his birth details and "stated that his mother had Cherokee ancestry." The call disconnected while he was attempting to provide lineage details. The Agency left the grandfather a voicemail requesting this information but did not hear back. The Agency also spoke with a paternal cousin, who "recalled being told that her great-grandfather tried to give his children a tribal role number and they would not accept it. She was unsure of the tribe but it may have been in Oklahoma." She later provided the Agency with additional lineage details. The Agency prepared an ICWA notice to three Cherokee tribes, among others.[5] The notice included information regarding M.V.'s father, the paternal grandparents, as well as the paternal great-grandparents.

The Agency requested and the juvenile court granted a continuance of the section 366.26 hearing in part because the Agency was still waiting for responses from the tribes. The Agency's September 10, 2024 update report stated that all three Cherokee tribes responded that E.C. and M.V. were ineligible for enrollment. The BIA also responded that it had reviewed the ICWA notice and did " 'not have additional contact recommendations for [the Agency] to complete the due diligence requirement.' " The Agency accordingly recommended that the court find that no further ICWA inquiry was required. It further requested that the court terminate parental rights and order adoption as the children's permanent plan.

At the section 366.26 hearing, mother's counsel requested a further continuance as mother was still incarcerated in a federal facility and could

---

[5] The three Cherokee tribes were the Cherokee Nation, the Eastern Band of Cherokee Indians, and the United Keetoowah Band of Cherokee Indians.

not attend. Counsel stated that mother opposed adoption but would like to testify. The juvenile court denied the continuance request. The court held that ICWA did not apply, terminated parental rights, and ordered adoption as the permanent plan for E.C. and M.V. Mother timely appealed.

The no issues statement filed by mother's counsel does not draw our attention to any issues. Mother was apprised of her right to file a response but did not file one. We have conducted an independent review of the record and find that there are no arguable issues to be raised on appeal. Of relevance, the Agency conducted an adequate further inquiry under section 224.2, subdivision (e) of the Cherokee tribes after it had "reason to believe" that M.V. was an Indian child. This included gathering and providing the relevant tribes with information about M.V.'s "biological parents, grandparents, and great-grandparents." (§ 224.3, subd. (a)(5)(C).)[6]

## DISPOSITION

The appeal is dismissed.


CHOU, J.

We concur.

JACKSON, P. J.
BURNS, J.


In re E.C., et al. (A171473)

---

[6] The Agency was not required to provide the tribes with information regarding the paternal cousin or M.V.'s great-great grandfather under section 224.3, subdivision (a)(5)(C).

5